UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| EUGENE SCALIA, | ) | |
| Secretary of Labor, | ) | |
| United States Department of Labor, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. |
| | ) | |
| FLORIDA ROOFING EXPERTS, INC., | ) | 3:19-cv-01126 |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## EMERGENCY PETITION TO ENFORCE ADMINISTRATIVE SUBPOENAS ISSUED BY THE OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION

I.

Petitioner, Eugene Scalia, Secretary of Labor, United States Department of

Labor ("the Secretary"), brings this action to compel Respondent, Florida Roofing

Experts, Inc. ("FRE"), to comply with three Subpoena *Duces Tecum* and a

Subpoena *Ad Testificandum* ("Subpoenas") issued to it by the Secretary's duly

authorized representative, Michelle Gonzalez, Area Director, Occupational Safety

and Health Administration (OSHA), United States Department of Labor,

Jacksonville, Florida, in aid of inspections and investigations pursuant to the

Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 *et seq*., ("the Act")

and the occupational safety and health standards and regulations promulgated

1

thereunder (29 C.F.R. § 1903, *et seq.*).  An Emergency Motion for Expedited

Hearing is filed contemporaneously herewith.  The facts in this Petition are verified

in the Declaration of Michelle Gonzalez, attached and incorporated herein as

Exhibit 1.

## II.

Jurisdiction to issue the Orders prayed for herein is conferred upon this Court

by 28 U.S.C. § 1345, Section 8(b) of the Act, 29 U.S.C. § 657(b), and 28 U.S.C. §§

1331 and 1345.

## III.

A.     FRE is registered in Florida as a for-profit corporation with its

Principal Address, Mailing Address and address for its Registered Agent, Travis M.

Slaughter, at 4320 Deerwood Lake Parkway 101-403, Jacksonville, Florida.  FRE's

primary business is construction; specifically, re-roofing of residential properties.

B.     As roofing contractors in Florida, FRE and its predecessor Great

White Construction, Inc. required an individual's roofing license be associated with

the company.  Mr. Slaughter moved his roofing license from Great White to FRE

on May 22, 2017, at which point FRE performed all roofing work and Great White

ceased operating.  *See* State of Florida records attached as Exhibit 2.  Mr. Slaughter

was and is the only officer, director and registered agent of both companies and all

2

addresses are the same for both companies.  Great White formally dissolved on June 12, 2018, the week after the Eleventh Circuit issued orders enforcing OSHA's final orders against Respondent.  *Id*.; *Acosta v. Great White Constr., Inc.*, Nos. 17-13711 and 17-15760 (11th Cir. 2018).

C.      On July 11, 2019, FRE employed individuals who performed re-roofing work at its worksites at 2328 Keaton Chase Drive, Orange Park, Florida ("First Worksite"); 2926 Grande Oaks Way, Fleming Island, Florida ("Second Worksite"); and on July 12, 2019 at its worksite at 2020 Frogmore Drive, Middleburg, Florida ("Third Worksite" and all three collectively as "Worksites").

D.      FRE performs substantial re-roofing construction work in Jacksonville, Florida and continues to perform such work throughout various parts of Florida, and is an employer engaged in a business affecting interstate commerce within the meaning of section 3(5) of the Act, 29 U.S.C. § 652(5).

E.      As detailed in Michelle Gonzalez' declaration, OSHA issued FRE three Subpoena *Duces Tecum*, one at each of its Worksites.  The first Subpoena *Duces Tecum* was served on FRE's foreman, Jared Hodgkins, on July 11, 2019 at the First Worksite.  The Second Subpoena *Duces Tecum* was served on FRE's foreman, Jared Hodgkins, on July 11, 2019 at the Second Worksite.  The Third Subpoena *Duces Tecum* was served on FRE's foreman, Stefan Praskov, on July 12,

2019 at the Third Worksite.  Each of the Subpoenas required Respondent to

produce documents on July 24, 2019.

F.      The Worksites constitute a factory, establishment, or other area,

workplace, or environment where work was performed by an employee of an

employer, within the meaning of section 8(a) of the Act, 29 U.S.C. § 657(a).

IV.

A.      Section 8(a) of the Act, 29 U.S.C. § 657(a), authorizes the Secretary to

make inspections and investigations of establishments or areas where work is

performed.

B.      Section 8(b) of the Act, 29 U.S.C. § 657(b), authorizes the Secretary,

in making inspections and investigations, to require the attendance of witnesses and

the production of evidence under oath.

C.      Further, section 8(b) of the Act authorizes any United States District

Court, upon application by the Secretary, to issue an Order requiring a person, who

is found, or resides, or transacts business within the Court's jurisdiction, who has

failed to respond to the Secretary's Subpoenas, to appear and to produce evidence

relating to the matter under investigation or in question, and to give testimony

relating to the matter.  Any failure to obey such Order of the Court may be punished

by the Court as contempt of the Court's Order.

4

V.

A.      On July 11 and 12, 2019, OSHA initiated inspections of the Worksites in response to complaints that workers were exposed to fall hazards as they were working on a roof without fall protection.  Pursuant to § 8(a) of the Act, 29 U.S.C. § 657(a), the pertinent regulation, 29 C.F.R. § 1903.11, and Chapter 9, Sections I.C(4) and (5) of OSHA's Field Operations Manual, OSHA's Jacksonville Area Director, Michelle Gonzalez, determined that the complaints met the requirements to initiate inspections as set forth in the Act, regulations, and instructions promulgated pursuant thereto, and further determined there were reasonable grounds to believe that alleged violations of the Act may exist or had existed within the previous six months.

B.      OSHA's compliance safety and health officer ("CSHO") Michael Usry was assigned to conduct the inspection at the First Worksite.  CSHO Steve Wilson was assigned the inspection of the Second Worksite.  CSHO Antonio Lightner was assigned the inspection of the Third Worksite.   On July 11 and 12, 2019, the CSHOs conducted opening conferences at the Worksites with FRE management and then began the OSHA inspections.  During the inspections, all three CSHOs determined that there were potential hazards related to employees not using fall protection while on the roof and other safety issues.

5

C.      Under the authority of section 8(b) of the Act, 29 U.S.C. § 657(b),

Area Director Michelle Gonzalez issued the three Subpoena *Duces Tecum* on July

11, 2019, directing FRE to appear at the Jacksonville Area OSHA Office on July

24, 2019, to produce documents and information relevant to the inspections being

conducted by OSHA of the safety and health-related working conditions at the

Worksites.  The Subpoenas requested eight to ten categories of documents.  Exh. 1,

¶¶ 6-9.

D.      In each instance, FRE's on-site manager accepted the subpoena and

the owner and Registered Agent of FRE was told during the inspection on the

telephone that subpoenas were served.

E.      To date and consistent with its past practices, FRE has completely

ignored and failed to respond to all three Subpoenas.

VI.

A.      On September 10, 2019, pursuant to section 8(b) of the Act, 29 U.S.C.

§ 657(b), OSHA's Regional Administrator for Region IV, Kurt Petermeyer, issued

a Subpoena *Ad Testificandum* requiring FRE to appoint a representative to appear

and answer questions under oath at 9:00 a.m. on September 18, 2019, at the offices

of the United States Attorney, 300 North Hogan Street, Jacksonville, Florida.

B.     The Secretary served FRE the Subpoena *Ad Testifandum* on September 12, 2019, pursuant to Fl. St. 48.081(3)(b) and 48.31(6)(a), by personally serving the owner of the virtual office (UPS Store), where FRE's Registered Agent has his "office," who confirmed that FRE has a valid mailbox at the location.

C.     The Secretary's representative and a court reporter appeared.  But, FRE failed to appear, make any contact with the Secretary, or otherwise comply with the lawful Subpoena *Ad Testificandum*.

### VII.

Each of the documents sought by the Secretary is for a legitimate investigatory purpose, is relevant to OSHA's ongoing investigations, and is important for completing the investigations and preserving evidence of violations. Exh. 1, ¶¶ 15-18.

### VIII.

A.     Respondent's refusal to honor and comply with the Subpoenas constitutes resistance to four separate lawful Subpoenas.

B.     The Secretary, pursuant to section 9(c) of the Act, 29 U.S.C § 658(c), has only six months, from the date of any alleged violation, to conclude his investigation and issue any citations and notifications of penalty for any alleged violation of the Act and occupational safety and health standards, which will expire

on or about January 10, 2020.  Information from these Subpoenas is only a preliminary step in the processes that must be followed before determining whether violations exist and approving the issuance of one or more citations.

C.      As a result of Respondent's conduct, the Secretary has been hindered in the proper exercise of his lawful authority and responsibility to enforce and administer the Act in that the subject investigations have been seriously impeded.

D.      Moreover, FRE is a severe violator repeatedly putting its employees at risk of serious injury or death and consistently ignoring the government's statutory responsibility to ensure compliance with the Act.  FRE and its predecessor has been inspected 20 times since 2014 with every inspection resulting in citations.  Between May 2018 and February 2019, OSHA inspected FRE four times and each resulted in citations for FRE exposing its employees to fall hazards based on the employees not using fall protection.  *See* OSHA Inspection History attached as Exhibit 3.

E.      FRE and its predecessor began ignoring OSHA and these citations by not contesting or paying the assessed penalty, failing to provide proof of abatement of violations, and continuing to not comply with the law to keep its employees safe. FRE and its predecessor owes millions of dollars in fines, and has been ordered by the Eleventh Circuit to pay those fines and comply with the law, which has not occurred.  *Acosta v. Great White Constr., Inc.*, Nos. 17-13711 and 17-15760 (11th

Cir. 2018).  A contempt action for Respondent's violation of those orders is currently pending at the Eleventh Circuit.

WHEREFORE, Petitioner prays that this Court:

1.      Enter an Order setting an expedited hearing to permit Respondent to show cause, if any exists, why it should not fully comply with and obey the Subpoenas, and to file any response to the Petition no less than 24 hours before the hearing.  Petitioner can serve a show cause order within a day of issuance at the Registered Agent's address.

2.       Award the Secretary his costs and expenses in having to bring this Petition.

3.      Order that Respondent pay to reconvene any sworn interview the necessity of which is a result of Respondent thwarting the Subpoena *Ad Testificandum*.

4.      Order FRE's owner, who is also the Registered Agent, confined until he causes FRE to comply.

5.      Grant such other and further relief as may be just and proper.

Respectfully submitted,

ADDRESS:                                    KATE S. O'SCANNLAIN
                                            Solicitor of Labor

Office of the Solicitor
U. S. Department of Labor                   STANLEY E. KEEN
61 Forsyth Street, S.W.                     Regional Solicitor
Room 7T10
Atlanta, GA  30303                          KAREN E. MOCK
                                            Counsel

Telephone:
 (404) 302-5435                             By: s/Dane L. Steffenson
 (404) 302-5438 (FAX)                          DANE L. STEFFENSON
                                               Senior Trial Attorney

Steffenson.dane@dol.gov
ATL.Fedcourt@dol.gov                        Attorneys for Petitioner

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on October 1, 2019, a copy of the

Secretary's Emergency Petition to Enforce Administrative Subpoenas Issued by the

Occupational Safety and Health Administration, Memorandum in Support, Motion

for Expedited Hearing and Proposed Order were served, pursuant to Fl. St.

48.081(3)(b) and 48.31(6)(a), on Respondent by serving the owner of the virtual

office (UPS Store), who confirmed that Respondent currently maintains a valid

mailbox there, which is the address the Registered Agent identifies as its "office"

with the Florida Secretary of State, as follows:

> Florida Roofing Experts, Inc.
> c/o Travis Slaughter, Registered Agent
> 4320 Deerwood Lake Parkway 101-403
> Jacksonville, Florida 32216

Additionally, a copy of the same documents were sent overnight mail to be

delivered on October 2, 2019, to Travis Slaughter, Respondent's owner, director and

registered agent, at his home address as follows:

> Travis Slaughter
> 322 Spring Forest Ave
> Jacksonville, Florida 32216

> *s/Dane L. Steffenson*
> DANE STEFFENSON
> Attorney

11